# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LESEMAN, LLC )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STRATASYS, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 14-363 (SRN/SER)<br><br>**FINAL JUDGMENT** |

Based upon the parties' Stipulation of Final Judgment of Non-Infringement [Doc. No. 143], Final Judgment of Non-Infringement IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. In this lawsuit, Leseman accuses certain Stratasys extrusion dies of infringing claims 1-3 of U.S. Patent No. 7,329,113 ("the '113 patent"). Specifically, Leseman accuses Stratasys's "stacker die," "stacker die with transition plate," and "big die with two plates" (collectively, "the Accused Dies") of infringing independent claim 1 and dependent claims 2-3 of the '113 patent.

2. Claim 1 of the '113 patent is set forth below:

An extrusion die assembly configured to process a flow of extrusion material traveling in a downstream direction, the assembly comprising:

    a first die component having a first channel substantially coaxial to a longitudinal axis;

    a second die component received within a downstream side of the first die component and having a position that is adjustable along the longitudinal axis relative to the first die component, the second die component having a second channel that is substantially coaxial to the longitudinal axis; and

> a third die component received within a downstream side of the second die component and having a position that is adjustable along the longitudinal axis relative to the second die component, the third die component having a third channel that is substantially coaxial to the longitudinal axis.

The claim requires that the "second [third] die component" be "received within a downstream side of the first [second] die component" (the "received within" limitation) and that the "second [third] die component" have "a position that is adjustable along the longitudinal axis relative the first [second] die component" (the "adjustable" limitation). The combination of the "received within" and "adjustable" limitations is referred to as the "and" limitation.

3. With respect to the "adjustable" limitation, the Court construed the phrase "second die component" having "a position that is adjustable along the longitudinal axis relative the first die component" to mean "a second die component having a position that is movable, without removal of the second die component, along the longitudinal axis relative to the [first/second] die component." [Doc. No. 95 at 21-22.] The Court similarly construed the phrase "third die component" having "a position that is adjustable along the longitudinal axis relative the second die component" to mean "a third die component having a position that is movable, without removal of the third die component, along the longitudinal axis relative to the second die component." [Doc. No. 95 at 21-22.]

4. Based on the Court's construction of the "adjustable" limitation, the parties stipulate and agree that none of the Accused Dies literally satisfy the "adjustable" limitation. Specifically, the parties stipulate and agree that none of the Accused Dies

2

includes a third die component that has a position that is movable, without removal of the third die component, along the longitudinal axis relative to the second die component, or a second die component that has a position that is movable, without removal of the second die component, along the longitudinal axis relative to the first die component. Rather, the only way to change the position of a die component in any of the Accused Dies requires disassembling the die and removing the die component. Thus, the parties stipulate and agree that Leseman cannot prove that the Accused Dies literally meet the "adjustable" limitation as construed by the Court.

5. In addition, as also explained in the parties' stipulation, Leseman irrevocably waives its claim that the Accused Dies satisfy the "adjustable" limitation, as construed by the Court, under the doctrine of equivalents.

6. Accordingly, the parties stipulate and agree that the Accused Dies do not infringe any of the Asserted Claims under the Court's construction of the "adjustable" limitation.

7. The Court also held that the "and" limitation, as used in the phrase "a [second/third] die component received within a downstream side of the [first/second] die component and having a position that is adjustable along the longitudinal axis relative to the [first/second] die component," means "the [first/second] die component and a [second/third] die component arranged such that the [second/third] die component (a) is received within a downstream side of the [first/second] die component, and (b) has a position that is adjustable along the longitudinal axis relative to the [first/second] die component." [Doc. No. 95 at 24-25.] On October 21, 2016, "in the interests of

expeditious resolution of the present dispute," the Court issued an additional Order clarifying its construction of the "and" limitation ("October 21 Order"). [Doc. No. 137.] The October 21 Order states in part: "the parties are advised that the Court's construction of the 'and' limitation of claim 1 of the '113 Patent, as set forth in its Claim Construction order, requires that the second and third die components must remain 'received within a downstream side' of the first and second die components, respectively, before, during and after adjustment." [Doc. No. 137 at 2.]

8. Based on the Court's construction of the "and" limitation, the parties also stipulate and agree that none of the Accused Dies literally satisfy the "and" limitation. Specifically, the parties stipulate and agree that when the Accused Dies are disassembled and components are removed, the second and third die components are not "received within a downstream side" of the first and second die components, respectively, under any application of the "received within" limitation.

9. In addition, as also explained in the parties' stipulation, Leseman irrevocably waives its claim that the Accused Dies satisfy the "and" limitation, as construed by the Court, under the doctrine of equivalents.

10. Accordingly, the parties stipulate and agree that the Accused Dies do not infringe any of the Asserted Claims under the Court's construction of the "and" limitation.

11. Based on the foregoing, Defendant Stratasys is entitled to judgment of non-infringement of the Asserted Claims of the '113 Patent.

12. Accordingly, based on the parties' stipulation of non-infringement, Stratasys's pending motion for summary judgment of non-infringement [Doc. No. 110] is moot.

13. Stratasys has also withdrawn its pending Motions for Fees and Sanctions [Doc. Nos. 115, 116, and 117], as also set forth in the parties' stipulation.

14. Based on the parties' stipulation, and in order to expedite the proceedings, the Court also dismisses without prejudice Stratasys's counterclaim for declaratory judgment of invalidity of the '113 Patent.

15. Plaintiff Leseman is not waiving its right to appeal the judgment of non-infringement and the claim construction rulings on which it is based, and Defendant Stratasys is not waiving any of its rights, arguments, defenses, and/or counterclaims, including with respect to non-infringement and/or invalidity defenses and counterclaims.

16. Accordingly, judgment of non-infringement is hereby granted in favor of Stratasys and against Leseman on Leseman's claims for patent infringement and Stratasys's counterclaim for declaratory judgment of non-infringement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Entered this 20th day of December, 2016

                BY THE COURT:

                s/Susan Richard Nelson
                SUSAN RICHARD NELSON
                United States District Judge